# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.

DEMETRIUS D. BOGAN,

                Defendant.

Case No. 17-CR-128-JPS

**ORDER**

**1.    INTRODUCTION**

On July 25, 2017, the defendant, Demetrius D. Bogan ("Bogan"), was indicted by the grand jury on one count of unlawfully possessing a firearm after having previously been convicted of a felony. (Docket #1). On September 7, 2017, Bogan filed a motion seeking suppression of the firearm suggesting that the seizure of himself and of the firearm violated his Fourth Amendment rights. (Docket #14). On September 25, 2017, Magistrate Judge William E. Duffin conducted a hearing on the defendant's motion, (Docket #17, #19, #20), and, the next day, issued a Report and Recommendation ("Report") recommending denial of the defendant's motion, (Docket #18). The defendant filed an objection to the magistrate's Report, (Docket #23), and the government filed a response thereto, (Docket #24). For the reasons explained below, the Court will adopt the Report and deny the defendant's suppression motion.

**2.    STANDARD OF REVIEW**

When reviewing a magistrate's recommendation, the Court is obliged to analyze the recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C).

Thus, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* In other words, the Court's *de novo* review of Magistrate Duffin's findings and recommendations is not limited to his legal analysis alone; rather, the Court may also review his factual findings, and accept, reject, or modify those findings as it sees fit based upon the evidence. *Id.*

### 3. RELEVANT FACTS[1]

On April 16, 2017, Milwaukee Police Officers Robert Gregory ("Gregory"), Justin Schwarzhuber ("Schwarzhuber"), and Casey Donahue ("Donahue") were on patrol in a single marked squad car, driving north on North 26th Street in Milwaukee. They observed a white Chevrolet Impala parked on the side of the street, facing south, with its headlights on. The front driver's side window of the Impala was rolled down about halfway. Gregory, who was driving the squad, testified that he believed the car's windows, particularly the driver's side windows, were illegally tinted. Gregory testified that he is familiar with the legal standards for window tint and that he has stopped hundreds of vehicles for illegally tinted windows.

Gregory slowed the squad and turned on the squad's spotlight to illuminate the Impala. The officers observed a man in the driver's seat and a woman in the front passenger seat. Within a matter of a second or two after turning on the spotlight, Gregory stopped the squad and activated its lights. All three officers got out of the squad and approached the Impala.

---

[1]The defendant does not object to the facts as described by Magistrate Duffin; he objects only to the magistrate's credibility determinations. Therefore, the facts stated herein are adopted from the Report, (Docket #18), unless otherwise noted. The Court has reviewed the evidence independently and, as explained below, concurs with Magistrate Duffin's credibility determinations.

As they did, the driver, defendant Demetrius Bogan, attempted to put the car in reverse, but the car did not move.

As Gregory approached the Impala, he illuminated the interior with his flashlight and observed a gun on Bogan's lap under Bogan's left hand. Gregory drew his own gun and called out to the other officers, "He's got a gun!" Bogan refused to comply with verbal commands to get out of the car, leading Schwarzhuber to open the driver's door to the car, remove the gun, and, along with Donahue, forcibly remove Bogan from the Impala. The officers handcuffed Bogan in the middle of North 26th Street.

A video recorded from the squad's dashboard camera captured the events of that night. The video is not of sufficient quality to show the tint of the Impala's windows. However, it shows the proximity of the squad to the Impala, and shows the illumination of the Impala when Gregory turned on the spotlight. The video does not have sound.

It was later determined that the Impala's front driver's side window was tinted to allow only 15 percent of light through, rendering it in violation of the Wisconsin Administrative Code. (Docket #15-2 at 5).

4.  **ANALYSIS**

Magistrate Duffin found, first, that Bogan was seized under the Fourth Amendment when Gregory activated the squad's emergency lights. (Docket #18 at 3 (citing *Gentry v. Sevier*, 597 F.3d 838, 844-45 (7th Cir. 2010)). "A traffic stop of a car communicates to a reasonable passenger that he or she is not free to terminate the encounter with the police and move about at will." *Arizona v. Johnson*, 555 U.S. 323, 333 (2009). The Fourth Amendment prohibits unreasonable seizures, and a seizure is ordinarily considered unreasonable absent individualized suspicion of wrongdoing. *United States v. Taylor*, 596 F.3d 373, 376 (7th Cir. 2010) (citing *City of Indianapolis v.*

*Edmond,* 531 U.S. 32, 37 (2000)). "One such type of individualized suspicion occurs when police have probable cause to believe that a person had committed even a minor traffic offense." *Id.* (finding seizure of vehicle was reasonable based on officers' observation that driver was not wearing seatbelt) (citations omitted).

In determining whether the officers had a lawful basis to detain Bogan, the magistrate considered the officers' stated reason for detaining Bogan—illegally tinted windows. The Wisconsin Administrative Code, Chapter 305, prescribes equipment requirements for vehicles and lays out the fines assessable to violators. Section 305.32 regulates the window tint for automobiles, requiring that at least 50 percent of visible light be passable through the front side windows of an automobile and 35 percent through rear and rear side windows. Wis. Admin. Code § Trans 305.32(4)(b), (5)(b), and (6)(b).

Magistrate Duffin credited Gregory's testimony that, before he activated the squad's red and blue lights, he observed the tint of the Impala's driver's side window and recognized it to likely be illegally dark. *Id.* at 4. Magistrate Duffin explained that although "[t]here was only a second or two between the time the driver's window of the Impala would have been visible to the driver of the squad car and when Gregory turned on the spot light, … it would take only a fraction of a second to discern that the tint on the window was illegal." *Id.* at 4-5. On these facts, the magistrate determined that Gregory had a lawful basis to detain Bogan.

Having lawfully detained Bogan for an equipment violation, the officers could "order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Pennsylvania v. Mimms,* 434 U.S. 106, 111, n.6 (1977) (the interest

in ensuring officer safety outweighs the small inconvenience to a driver who, having been lawfully detained, is required to exit his car). When Bogan refused, and the officers observed that Bogan was holding a gun, it was reasonable, in the interest of ensuring the safety of themselves and the public, that the officers seized the gun. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968) (revolver properly seized from defendant where officer had reasonable grounds to believe that defendant was armed and dangerous and search was restricted to what was appropriate to discovery of particular items officer sought).

Bogan does not object to Magistrate Duffin's analysis of Fourth Amendment jurisprudence, which the Court has adopted and supplemented above. His only objection is that, in his view, the magistrate erred in crediting Gregory's testimony that he observed a suspected tint violation prior to seizing Bogan. (Docket #23 at 1). Bogan contends that it was not reasonably possible under the circumstances for Gregory to have observed the tint of the Impala's windows, as it was dark outside, the Impala's headlights were on, and Gregory's observation was brief. *Id.*

The Court concurs with Magistrate Duffin. The dashboard video shows that Gregory's squad was in close proximity to the Impala when he turned on the spotlight. The spotlight, in turn, illuminated the Impala, giving Gregory a clear opportunity to observe the Impala's driver's side windows. As the magistrate said, it is reasonable that Gregory could have observed the tint of the driver's side window in only a split second.

The Court finds no basis to suppress the defendant's firearm in this case. The officers effected a reasonable seizure based on an individualized suspicion of wrongdoing—illegal window tint. *Taylor*, 596 F.3d at 376. Having lawfully stopped Bogan, the officers acted within the bounds of the

Fourth Amendment by requiring Bogan to exit his vehicle. *Mimms*, 434 U.S. at 111, n.6. Then, when the officers observed that Bogan was holding a gun and Bogan refused their instructions to exit the vehicle, the officers were permitted to seize the gun. *Terry*, 392 U.S. at 30.

5.  **CONCLUSION**

The government has carried its burden to demonstrate that reasonable suspicion supported the officers' seizure of Bogan and his gun. The Court will, therefore, overrule the defendant's objection, (Docket #23), adopt the Report of Magistrate Duffin, (Docket #18), and deny Bogan's motion to suppress, (Docket #14).

Should Bogan wish to resolve this case short of trial and remain eligible for acceptance of responsibility credit, counsel for Bogan must notify the Court of such intention, including the filing of a written plea agreement, within forty-eight hours of entry of this Order. *See* (Docket #22).

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's September 26, 2017 Report and Recommendation (Docket #18) be and the same is hereby **ADOPTED**, and that the defendant's objection thereto (Docket #23) be and the same is hereby **OVERRULED**; and

**IT IS FURTHER ORDERED** that the defendant's motion to suppress (Docket #14) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge